IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-01868-WYD

JESSICA L. PADILLA,

      Plaintiff,

v.

AMOS L. BOOTH; and
MELTON TRUCK LINES, INC.,

      Defendants.

---

## ORDER OF REMAND

---

THIS MATTER is before the Court on the Notice of Removal (docket #1), filed August 6, 2009.  By way of background, this case arises from a motor vehicle accident where the Plaintiff is alleging negligence, negligence per se, and respondeat superior.

On August 6, 2009, Defendants Amos Booth and Melton Truck Lines, Inc. filed a notice of removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1).  Defendants asserted in the notice of removal that the amount in controversy requirement is satisfied.  Further, Defendants asserted that while Plaintiff is a citizen of the State of Colorado, Defendant Amos Booth is a citizen of the State of North Carolina, and Defendant Melton Van Lines, Inc. is an Oklahoma corporation.

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendants to show that the amount in controversy is satisfied.  The amount in controversy is ordinarily determined by the allegations of the

complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted). In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal. *Id.* The removal statute is construed narrowly. *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000 as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1). I note that there is no reference to any dollar amount in the state court complaint. Further, there is no reference to any damage amount in the "damages" paragraph of the complaint. Thus, I turn to the notice of removal. The notice of removal merely states the following in relevant part:

> The amount in controversy also exceeds $75,000.00. Plaintiff asserts that she is seeking a monetary judgment for more than $100,000. (District Court Civil Cover Sheet for Initial Pleading of Complaint, copy submitted in the attached document.) Assuming Plaintiff can prove all of the allegations of her Complaint and that Defendants have no defenses, Plaintiff could be expected to recover an amount exceeding $75,000.00.

(Notice of Removal ¶ 3.) That is the only allegation in the notice of removal regarding the amount in controversy. The notice of removal's vague reference to the amount in controversy is not sufficient to establish that the jurisdictional amount is satisfied. The likelihood of Plaintiff prevailing on her claims in the underlying complaint does not

affirmatively establish that the amount in controversy exceeds $75,000.  The amount in controversy of each claim is unknown.  Therefore, I cannot discern the amount in controversy based on the contents of both the complaint and the notice of removal.  In other words, the Defendants did not affirmatively establish the amount in controversy in order to satisfy the narrow requirements set forth in the removal statute.

I further find that the reference therein to the civil cover sheet filed in state court is not sufficient to establish that the jurisdictional amount is satisfied.  A number of cases from this Court have held that reliance solely on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein.  *See Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434 at * 3-4 (D. Colo. 2007);  *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534 at *1 (D. Colo. 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852 at *3 (D. Colo. 2007); *Dean v. Illinois Nat. Ins. Co.,* 07-cv-01030-MSK-MJW, 2007 WL 2937014 at *1 (D. Colo. 2007).

Thus, I find that the Defendants have failed to meet their burden of affirmatively establishing the amount in controversy on the face of either the petition or the notice of removal.  Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that it appears that the Court lacks subject matter jurisdiction over this action, I find that this matter must be remanded to the state court.  *See* 28 U.S.C. § 1447(c).  Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the

Denver County Colorado District Court from which the case was removed.

Dated:  August 12, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge